

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

April 18, 1939

GERALD C. MANN
ATTORNEY GENERAL

Honorable Abe M. Mays, Chairman,
Local and Uncontested Committee,
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. 0-617
Re: Constitutionality of House
Bill No. 936, now pending
in the 46th Legislature,
which purports to validate
the Civil Service status
of employees of cities of
285,000 population or more
as of January,1,1939, whether
subsequently discharged or
not.

We are pleased to reply to your letter of April 10,
1939, which reads as follows:

"At the request of the Local & Uncon-
tested Committee of the House of Representa-
tives, I, as Chairman, am authorized to re-
quest your opinion on the following matters
pertaining to the attached House Bill No.936:

"First: Does this bill validate the
civil service status of employees in the
cities affected who have been discharged
prior to the enactment of the bill (if it is
enacted), but subsequent to January 1st, 1939?

"Second: Can the status of employees al-
ready discharged be Constitutionally validated?

"Third: It is the intention of the bill
to validate the status of none of the employees
unless all can be validated. Can this be done
and does the enclosed bill do it?"

We are attaching hereto a copy of House Bill No. 936 so that the same may be referred to in conjunction with this opinion.

House Bill No. 936 expressly provides that the effect of this bill shall be retroactive to January 1, 1939, and shall validate the civil service status of all employees of such cities as of such date, even though under the charter or ordinance provisions of such cities as of that date such employees, or part of them, may not have come within the civil service provisions, and although such employees may subsequently have been discharged.

Insofar as this bill seeks to have a retroactive effect, it is our opinion that it violates Article 1, Section 16 of the Constitution of Texas, which reads:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

The courts of Texas have uniformly held that this constitutional provision forbids all legislative enactments which retroactively affect the rights of persons, as distinguished from a change in the procedure of remedies.

Judge Stayton, speaking for the Texas Supreme Court in Mellinger v. City of Houston (1887), 68 Tex. 37,3 S.W.249, said:

"To give this protection against arbitrary legislation there was no necessity for the broader declaration 'that no retroactive law shall be made'. The making of it evidences an intention to place a further restriction on the power of the Legislature; and it must be held to protect every right, although not strictly a right to property, which may accrue under existing laws prior to the passage of any, which, if permitted a retroactive effect, would take away the right. A right has been defined to be a well-founded claim, and a well-founded claim means nothing more nor less than a claim recognized or secured by law.

"Rights which pertain to persons, other than such as are termed natural rights, are essentially the creatures of

municipal law, written or unwritten; and it must necessarily be held that a right, in a legal sense, exists, when, in consequence of the existence of given facts, the law declares that one person is entitled to enforce against another a given claim, <u>or to resist the enforcement of a claim urged by another.</u> ......When, however, such a state of facts exists as the law declares shall entitle a plaintiff to relief in a court of justice on a claim which he makes against another, or as it declares shall operate in favor of a defendant as a defense against a claim made against him, then it must be said that a right exists, has become fixed or vested, and is beyond the reach of retroactive legislation, if there be a constitutional prohibition of such laws. This so far as we have been enabled to ascertain, has been the ruling in every state in this Union which has a constitutional provision in terms prohibiting retroactive laws, in which any ruling on the question has been made. *

Texas courts have uniformly followed the rule announced in the above case, but the reasons behind the rule and its general application have probably never been better expressed than by Judge Stayton in the above opinion.

The El Paso Court of Civil Appeals in State v. City of Fort Worth, 193 S.W. 1143, adopted the following language from the opinion in Hamilton County vs. Rosche, 50 Ohio St. 103, 33 N.E. 408:

"This statute, it is contended, is remedial, and remedial statutes may be retroactive. It is remedial, no doubt, in that enlarged sense of that term, where it is employed to designate laws made to supply defects in, or pare away hardships of, the common law, but not remedial in the sense of providing a more appropriate remedy than the law before afforded, to enforce an existing right or obligation. The statute under consideration provided no new method of procedure; <u>it simply imposed upon Hamilton County an obligation towards these plaintiffs in error that did not attach to the transaction when it occurred.</u> In attempting to

accomplish this result the Legislature trans-
cended its constitutional powers."

In Dallas County Levee Improvement District No. 6
v. Rugel, 36 S.W. (2d) 188, the Commission of Appeals of
Texas in construing Article 7284a R.C.S., passed by the
Fortieth Legislature, First Called Session c 69, which
gave the landowner the right of redemption within two
years from date of tax sale, refused to apply it retro-
actively so as to impair the rights of bondholders ac-
quired prior to the enactment. The court said:

"It was well within the power possessed by
the legislature to provide for the redemption
of lands by owners when the same should be sold
for taxes due a levee district. Insofar as the
act is applicable to obligations issued subse-
quent to its passage, it is a valid measure.
Any effort, however, to apply the provisions
of the act to sales under foreclosure taxes
levied to secure the payment of bonds issued
prior to the passage of the law is ineffect-
ual, as it would impair the obligation of the
contract made by the levee improvement dis-
trict with those holding its bonds."

9 Texas Jurisprudence, p. 527, defines the word "retro-
ative" as used in Article I, Section 16 of the Texas Constitu-
tion as follows:

"A 'retroactive' law is one made to af-
fect acts or transactions occurring before
it came into effect, or rights already ac-
crued, and which imparts to them character-
istics, or ascribes to them effects, which
were not inherent in their nature in the
contemplation of the law as it stood at the
time of their occurrence; it gives a right
where none before existed, or takes away
one which before existed."

It appears to be the express purpose of House Bill
No. 936 to give to the employees of the cities contemplated
therein certain rights by conferring upon them as of Janu-
ary 1, 1939, a Civil Service status, which they in fact did
not have under their contracts of employment as of that date.
Conversely, this bill would remove certain rights and im-
pose obligations upon the cities as of January 1, 1939, with
respect to their contracts of employment with their employees.
For these reasons, it is our opinion that under the authority

of the above cited cases, H. B. No. 938 falls within the prohibitions of Article I, Section 16, of the Texas Constitution.

We are likewise of the opinion that H. B. No. 938 violates still another constitutional provision. Under Section 2 of the bill, a city might be required to pay back-salaries to employees who have been discharged since January 1, 1939. This fact, in our opinion, contravenes Article III, Section 53 of the Constitution of Texas, which reads:

> "The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee, or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law".

Section 4 of H. B. No. 936 provides that if any provision of the Act be invalid, it shall be invalid in its entirety. We accordingly advise you that H. B. No. 936, if enacted, would be unconstitutional for the reasons above stated.

We beg to call your attention to an apparent typographical error in Section 3 of the copy of the bill submitted to us: In line 14 of said Section 3, "Article 16, Section 20 of the Constitution" was apparently intended to read "Article 16, Section 30 of the Constitution."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

WRK-MR

APPROVED:

ATTORNEY GENERAL OF TEXAS

Copy of Bill No. 936 Attached